UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CITY CAPITAL NY,

                    Plaintiff,

    v.

CHALDEAN ENTERPRISE, LLC,
d/b/a Chaldean Enterprise, et al.,

                    Defendants.

_____

<u>REPORT & RECOMMENDATION</u>

22-CV-6302EAW

## **<u>PRELIMINARY STATEMENT</u>**

On June 13, 2022, plaintiff City Capital NY ("City Capital") initiated this action in New York State Supreme Court, Ontario County, alleging breach of contract against defendants Chaldean Enterprise, LLC, *doing business as* Chaldean Enterprise ("Chaldean"), Clarity Motors, and Furat Najah Alsaigh (collectively, "defendants"). (Docket # 1). Based upon diversity of citizenship, defendants removed the action to this Court on July 13, 2022, pursuant to 28 U.S.C. §§ 1332 and 1441. (*Id.*). By Order of Hon. Elizabeth A. Wolford, Chief United States District Judge, dated November 15, 2022, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 12).

On December 14, 2022, this Court conducted a Rule 16 conference and issued a scheduling order setting various deadlines, including a fact discovery deadline of April 21, 2023, and scheduling a further status conference for April 26, 2023. (Docket ## 15, 16). Counsel for both parties attended the April 26, 2023 status conference by telephone. (Docket # 17). During the conference, counsel reported that the parties had not participated in court-ordered mediation,

nor had any discovery been conducted.  Additionally, counsel for the defendants reported that the corporate defendant was now defunct.  Counsel for City Capital indicated that the plaintiff was considering whether to seek an extension of the expired discovery deadline or to dismiss the action.  The Court advised the parties that if no motion were filed or no other litigation activity occurred within sixty days, the Court would issue an Order to Show Cause why the case should not be dismissed for failure to prosecute.

City Capital filed no motion or other submission in the ensuing sixty days. Accordingly, on July 13, 2023, this Court issued an Order to Show Cause directing City Capital to respond on or before August 3, 2023.  (Docket # 18).  The Order to Show Cause cautioned City Capital that failure to respond "will result in the dismissal of this action with prejudice pursuant to Fed.R.Civ.P. 41(b)."  (*Id.*).  On August 3, 2023, City Capital requested an extension of time to respond to the Order to Show Cause, explaining that it had retained new counsel that day and that its new counsel needed additional time to familiarize himself with the procedural posture of the litigation.  (Docket # 20).  The Court granted the request and extended the response deadline until August 10, 2023.  (Docket # 21).

On August 10, 2023, City Capital filed its response to the Order to Show Cause. (Docket ## 22, 23).  In its response, City Capital represented that it had retained new counsel and that it was "prepared to prosecute this action diligently."  (Docket # 22 at 4).  Based upon these representations, the Court provided City Capital "one final opportunity to proceed with the matter" and directed counsel for City Capital to confer with counsel for defendants and "provide to [the] Court a joint proposed amended scheduling order by no later than August 31, 2023." (Docket # 24).  The Court cautioned City Capital that failure "**to comply with the directives of this Order**" would result in the Court recommending "**to the district judge that the action be**

**dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).**" (*Id.*). Despite the deadline, and the passage thereafter of an additional four weeks, the Court has not received a proposed scheduling order or any request or communication from City Capital concerning this litigation.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966). In addition, the Local Rules of Civil Procedure for the United States District Court for the Western District of New York provide that "[i]f a civil case has been pending for more than six (6) months and is not in compliance with the directions of the . . . Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should

3

not be dismissed for failure to comply with the Court's directives or to prosecute." W.D.N.Y. Local Rule 41(b).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Dismissal is considered "a harsh remedy to be utilized only in extreme situations." *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted). Nevertheless, applying these standards, courts frequently have found dismissal of a complaint justified where the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Collins v. Clinton*, 2019 WL 1965037, *2 (W.D.N.Y.) (noting that although discretionary dismissal is "a harsh remedy to be utilized only in extreme situations," *Minnette*, 997 F.2d at 1027 (internal quotations omitted), "courts frequently have found dismissal of [claims] justified when the [party] fails to take any specific or concrete actions over a substantial length of time") (collecting cases), *report and recommendation adopted by*, 2019 WL 1959483 (W.D.N.Y. 2019); *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 197-98 (E.D.N.Y. 2011) (dismissing counterclaims with prejudice under Rule 41(b) where corporate defendants stopped prosecuting them and failed to retain counsel).

In the case at bar, City Capital failed to participate in the court-ordered mediation and, as reported during the April 26, 2023 status conference, failed to engage in any discovery.

Following the April 2023 conference, City Capital failed to act within the Court's sixty-day prescribed period either to move to reopen or extend discovery or otherwise to advance this litigation. As the Court had cautioned the parties it would do, upon the expiration of that period without activity, the Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. (Docket # 18).

City Capital responded to the Order to Show Cause and represented that it was "prepared to prosecute this action diligently." (Docket # 22 at 4). Based upon that representation, the Court provided City Capital one additional opportunity to prosecute this action and directed it to submit a proposed scheduling order by August 31, 2023. (Docket # 24). The Court warned City Capital that failure to submit the proposed scheduling order would result in a recommendation to the district court that the action be dismissed with prejudice. (*Id.*). Despite the warning, City Capital still has not submitted a proposed scheduling order or otherwise communicated with the Court. On this record, I find that City Capital's inaction demonstrates the level of prosecutive delinquency justifying dismissal.

## <u>CONCLUSION</u>

For the foregoing reasons, I recommend that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
September 28, 2023

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                          *s/Marian W. Payson*
                                                     MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
          September 28, 2023