UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CITY CAPITAL NY,

              Plaintiff,

v.

CHALDEAN ENTERPRISE, LLC
doing business as Chaldean Enterprise,
CLARITY MOTORS, and
FURAT NAJAH ALSAIGH,

              Defendants.
_____

**DECISION AND ORDER**

6:22-cv-06302 EAW

## INTRODUCTION

Plaintiff City Capital NY ("Plaintiff") commenced this action against defendants Chaldean Enterprise LLC d/b/a Chaldean Enterprise, Clarity Motors, and Furat Najah Alsaigh (collectively "Defendants") on June 13, 2022. (Dkt. 1-1 at 4-8). Presently before the Court is the September 28, 2023 Report and Recommendation ("R&R") issued by United States Magistrate Judge Marian W. Payson (Dkt. 27), recommending that the Court dismiss Plaintiff's complaint with prejudice for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure, and Plaintiff's objections thereto (Dkt. 28). Defendants did not respond to Plaintiff's objections.

The Court has conducted a thorough review of the R&R, the underlying procedural history, and Plaintiff's objections to the R&R. After *de novo* review of those issues to which objections were filed, and after a thorough consideration of all the issues raised in Plaintiff's filings, the Court hereby modifies the R&R as explained further herein.

- 1 -

## BACKGROUND

Plaintiff commenced this breach of contract action on June 13, 2022, in New York State Supreme Court, Ontario County. (Dkt. 1-1 at 4-8). Defendants removed the case to this Court on July 13, 2022. (Dkt. 1). On November 15, 2022, the case was referred to Judge Payson (Dkt. 12), and on December 14, 2022, a Scheduling Order was entered setting a discovery deadline of April 21, 2023 (Dkt. 16). At a telephone status conference conducted on April 26, 2023, Judge Payson was informed that the parties had not engaged in any discovery or participated in court-ordered mediation. (Dkt. 17). Judge Payson advised the parties that if no litigation activity occurred in the next 60 days, an Order to Show Cause would be issued. (*Id.*).

On July 13, 2023, Judge Payson issued an Order to Show Cause directing Plaintiff to show cause why the matter should not be dismissed for failure to prosecute. (Dkt. 18). Plaintiff responded, advising that it had recently retained new counsel and that it intended to diligently prosecute the action going forward. (Dkt. 22; Dkt. 23). On August 17, 2023, Judge Payson issued an Order providing Plaintiff with one final opportunity to proceed with this matter, directed Plaintiff's newly-retained counsel to file a proper substitution of counsel by August 23, 2023, and ordered the parties to provide a joint proposed amended scheduling order by August 31, 2023. (Dkt. 24). The Order warned that "should plaintiff fail to comply with the directives of this Order, this Court will recommend to the district judge that the action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b)." (*Id.*).

On August 17, 2023, counsel filed an amended substitution of counsel (Dkt. 25), which was approved by the Court (Dkt. 26). When no proposed scheduling order or other

communication was submitted, on September 28, 2023, Judge Payson issued the R&R, recommending that the Court dismiss Plaintiff's complaint. (Dkt. 27). The R&R noted that not only had Plaintiff failed to diligently prosecute the action or conduct any discovery since its filing, but that Plaintiff's failure to comply with the Court's August 17, 2023 Order to provide a joint proposed amended scheduling order by August 31, 2023, warranted dismissal. (Dkt. 27).

Pursuant to 28 U.S.C. § 636(b)(1), the parties had 14 days to file objections to the R&R. On October 11, 2024, Plaintiff filed objections. (Dkt. 28; Dkt. 29; Dkt. 30; Dkt. 31). In the objections, Plaintiff's counsel explains that upon receipt of the August 17, 2023 Order, he forwarded the deadline contained therein to the paralegal in his office responsible for scheduling and instructed her to calendar it, specifically noting the importance of compliance in light of the threat of dismissal. The email was overlooked by the paralegal and the deadline passed without action. Under these circumstances, where newly-retained counsel's inadvertent oversight was not the result of blatant and willful defiance, Plaintiff argues that the requisite factors for a dismissal pursuant to Fed. R. Civ. P. 41(b) have not been met. Upon consideration of the procedural history and detailed information contained in Plaintiff's objections, the Court admonishes both parties for their recalcitrant handling of this matter. The parties' conduct has expended limited and valuable judicial resources. But the Court finds that Plaintiff, with newly-retained counsel who acted negligently but not willfully in missing a court-ordered deadline, should be afforded a final opportunity to prosecute this action.

## DISCUSSION

I. **Standard for Review of a Report and Recommendation**

Where a party makes specific objections to a magistrate judge's report and recommendation, the district judge must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2). "The Court reviews unobjected-to findings for clear error." *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 384 (W.D.N.Y. 2012). After conducting its review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

II. **Rule 41**

Rule 4l(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order. . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) does not define what constitutes a failure to prosecute, '[i]t can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics.'" *Cognotec Servs., Ltd. v. Morgan Guar. Trust, Co.*, No. 93 Civ. 4878 KTD, 1999 WL 627411, at *2 (S.D.N.Y. Aug. 18, 1999) (quoting *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir. 1982)). "Dilatory tactics 'may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers.'" *Id.* While Rule 41 "refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*." *Lopez v. Comm'r of Soc. Sec.*, 110 F. Supp. 3d 489, 491

(W.D.N.Y. 2015) (quotation and citation omitted). "While a harsh remedy, the rule is 'intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload.'" *Id*. (quotation and citation omitted).

> Before dismissing a case under Rule 41(b), the district court must weigh five factors:
>
> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted). "A court must make a finding of 'willfulness, bad faith, or reasonably serious fault' by evaluating all of the factors," and no one factor is dispositive. *Peters v. CBS Viacom*, No. 23-463-CV, 2023 WL 8270781, at *2 (2d Cir. Nov. 30, 2023) (quoting *Baptiste*, 768 F.3d at 217). Although a court is not required to expressly discuss all five factors, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Sanchez v. Cnty. of Dutchess*, No. 21-2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (quoting *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000)).

### III. Plaintiff's Objections

Weighing the five factors listed above with the benefit of the information presented in Plaintiff's objections, the Court concludes that although a close call, the conduct in this case is not sufficiently extreme to warrant dismissal with prejudice for failure to prosecute at this time.

As to the first factor, there is no doubt that this case has not been diligently prosecuted from its inception. Plaintiff's prior counsel did not conduct any discovery during the established discovery period or participate in court-ordered mediation. And Plaintiff's current counsel, who had only been in the case for a little over a month before dismissal was recommended, has performed in a less than diligent manner by failing to comply with a court-ordered deadline for submitting a proposed amended scheduling order. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) (explaining that in applying the first factor, the court should consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration"). Thus, the first factor weighs in favor of dismissal.

As to the second factor, Plaintiff was clearly on notice that failure to comply would result in dismissal. Not only did Judge Payson's Order expressly say so, but Plaintiff's counsel's email to his paralegal demonstrated Plaintiff's clear awareness of this risk. This factor weighs in favor of dismissal.

In terms of prejudice to Defendants, no specific prejudice has been identified. And notably, despite being given an opportunity to do so, Defendants did not file any response to Plaintiff's objections. *See Lyell Theatre.*, 682 F.2d at 43 ("Prejudice to defendants resulting from unreasonable delay may be presumed . . . but in cases where the delay is more moderate or excusable, the need to show actual prejudice is proportionally greater."). Accordingly, this factor weighs in Plaintiff's favor.

The Court has also balanced its interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard. The Second Circuit has cautioned that "[t]here must

be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas v. Miles*, 84 F.3d 532, 535-36 (2d Cir. 1996); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) (finding that this factor weighed against dismissal where "plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings"). Here, Plaintiff's conduct has inexcusably expended limited and valuable court resources, but on the other hand, Plaintiff's retention of new counsel at least suggests its desire to prosecute this matter and have an opportunity to be heard. Accordingly, this factor weighs both in favor of and against dismissal.

Finally, as to the efficacy of lesser sanctions to remedy any prejudice resulting from Plaintiff's delay, the Court concludes that because Plaintiff's new counsel's missing of the court-ordered deadline was due to negligence, as opposed to a blatant and willful disregard of the deadline, a sanction lesser than dismissal with prejudice is warranted. *Cadet v. All. Nursing Staffing of New York, Inc.*, No. 21 CIV. 3994 (KPF), 2024 WL 81487, at *11 (S.D.N.Y. Jan. 8, 2024) ("[I]n evaluating the appropriateness of a particular sanction, 'a court should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future.'" (quoting *Silva v. Cofresi*, No. 13 Civ. 3200 (CM) (JCF), 2014 WL 3809095, at *3 (S.D.N.Y. Aug. 1, 2014))); *see also U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) (finding that the "apportionment of blame between counsel and client, however, is best considered when we get to the fifth factor—efficacy of lesser sanctions"). The Court is satisfied by the information presented

in Plaintiff's objections that Plaintiff's counsel has an adequate system in place to ensure that future deadlines are not overlooked and that the failure to adhere to the deadline in this case was an inadvertent error that will not be repeated. But the Court must emphasize that this decision is an extremely close call, and any future similar failures may not be as charitably viewed. Indeed, it is counsel's responsibility to ensure compliance with court-ordered deadlines, and attempting to delegate that duty to a non-attorney is inexcusable in a case such as this, where the parties were plainly warned that failure to meet the deadline would result in dismissal.

In the exercise of its discretion, while concluding that dismissal with prejudice is not warranted on this basis, the Court does find that a sanction is nevertheless appropriate. Specifically, the Court directs that if a proposed amended scheduling order is not filed within 14 days of the date of this Decision and Order, the action will be dismissed with prejudice and no further warnings will be given. *See Chimbay v. Dzurenda*, No. 221CV01297(NJC)(ST), 2024 WL 2214173, at *7 (E.D.N.Y. May 16, 2024) ("Because analysis of some of the Rule 41(b) factors counsels against dismissal with prejudice, the Court concludes that dismissal for failure to prosecute is improper. Instead, the Court will grant Chimbay a thirty-day extension of time from the date of this order to serve complete discovery responses on the County Defendants. Failure to serve complete discovery responses will result in dismissal with prejudice for failure to prosecute."); *Tennyson v. Francemone*, No. 516CV00929(NAM/ATB), 2021 WL 5810319, at *4 (N.D.N.Y. Dec. 7, 2021) ("Here, the Court finds that a lesser sanction is appropriate: conditional dismissal. That means the Court will grant Plaintiff thirty (30) days to fully cure the deficiencies

identified by Defendant, or her case will be dismissed with prejudice."); *Demark v. Powell*, No. 13-CV-07843 (TPG), 2017 WL 4277170, at *2 (S.D.N.Y. Sept. 25, 2017) ("Although the factors weigh in favor of dismissal, because plaintiff is proceeding *pro se* and because dismissal is an exceedingly extreme sanction . . ., the court finds that granting a conditional dismissal is most appropriate.  Thus, the court grants plaintiff thirty (30) days from the date of this order to explain her failure to respond to defendant's repeated discovery requests.  Failure to file an explanation will result in this court dismissing the instant action.").

Accordingly, having carefully considered the aforementioned factors, the Court hereby modifies the Magistrate Judge's recommendation of dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure to instead direct that Plaintiff be permitted one more opportunity to comply with the Court's directive to submit a proposed amended scheduling order before this sanction is imposed.

## CONCLUSION

For the foregoing reasons, the R&R (Dkt. 27) recommending dismissal of Plaintiff's complaint is modified, as set forth herein.  The parties are directed to file their proposed amended scheduling order within 14 days or this action will be dismissed with prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: June 24, 2024
      Rochester, New York